GULFPORT FERTILIZER Co. *v.* McMURPHY.

[75 South. 113, Division A.]

1. LIMITATION OF ACTIONS. *Statute of Limitations. Affirmative character of plea.*

The plea of the statute of limitations is an affirmative plea, and must be proved by the party setting it up.

2. LIMITATION OF ACTIONS. *Statute of limitations. Accrual of cause of action.*

The statute of limitations does not commence to run, as between a buyer and seller, until the time had arrived when it was the duty of the buyer to make a settlement.

3. Limitation of Actions. *Sales. Question for jury.*

In a suit between the seller and buyer of goods for the purchase price thereof, where there is a conflict in the evidence as to whether defendant had settled for the goods and as to the time when the statutes of limitations began to run, these questions should be submitted to the jury.

Appeal from the circuit court of Harrison county. Hon. J. H. Neville, Judge.

Suit by the Gulfport Fertilizer Company against J. A. McMurphy. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. C. Ross,* for appellant.

The first ground in motion for new trial, alleges that the court erred in refusing to permit appellant to prove the custom of fertilizer companies as to terms and dates of settlement of accounts, in which action the court was clearly wrong, for witness Cochran qualified as an expert on such matters; counsel for appellant, sought by several questions to show by him that the contentions of plaintiff were in accordance with the universal customs of the people in the same line of business and should have been permitted so to do, because such line of testimony was squarely in point, as the declaration alleged that the fertilizer in question, was sold on certain terms. Witness Johnson testified to exactly the same terms and McMurphy when examined closely declined to state positively that such terms did not exist or to terms at all; but McMurphy, defendant, testified that the notes which were taken to settle the particular items of indebtedness disputed by him, were sent in to Gulfport Fertilizer Company on March 16, 1911, that they were taken in the regular course of business and that he was not to receive credit until the notes or cash

reached the company. All considered, appellant should have been allowed great latitude to show the universal custom that prevailed as to terms, dates, etc. See *Effinget et ux.* v. *Henderson,* 33 Miss. 449, last paragraph in opinion. This error of the court is fatal and the cause should be reversed on account of said error.

The declaration in the case was filed March 5, 1914. The oldest item on the account was sold February 11, 1911, shipped to McMurphy and charged to the Harrison County Union Warehouse Company and the said Harrison County Union Warehouse Company, sold said account to the plaintiff, as shown by exhibit C to declaration and a balance due on the whole amount of fertilizer handled by McMurphy, including the items charged to the Harrison County Union Warehouse Company, was sued for in this suit, the declaration containing a fully itemized statement of all debits and credits.

Mr. Johnson testified positively that the statement was correct that McMurphy had been given credit for all items he had paid, and that the amount sued for was due.

Mr. McMurphy, defendant, testified that the statement was correct or that he thought it was, as to all items charged to him and the items were to be charged to his account when shipped to him; also that he would not dispute the correctness of the credits and thought that he got all credits he was entitled to.

McMurphy testified that the two first carloads handled by him were bought by him from the plaintiff and should have been charged to him; that he handled it in the regular course of business and in the regular way. D. V. Cochran, manager of Harrison County Warehouse Company, testified that it was not sold to his company; therefore it should have been charged to McMurphy and he sent in the notes and cash to pay for it; legally he paid for those two items and the last items on the statement are still due; and in that event, the account would not be barred, though all pleas had been left in

papers and in full force, and granting that everything testified by all witnesses is absolutely true.

Mr. McMurphy, defendant, testified that the fertilizer was to be charged to his account and that the items of payment either cash or notes, were to be credited on his account, as they were sent in by him.

Now for the sake of arugment, granted his statements to be true, that there was no time fixed for the settlement to be made; still the oldest item was not barred by statute of limitation at the time this suit was filed on March 5, 1914, for defendant testified that the two carloads of fertilizer shipped to him on February 16, 1911, were handled in the regular course of business and in the regular way, that the notes were taken and sent in the regular way. The first of the notes are dated March 16, 1911, just one month after the fertilizer was shipped, and lacked eleven days of being three years from the time of sale of the goods.

The defendant can surely not be heard to complain and declare that items of indebtedness are barred by statute of limitations, when he says as a witness under oath, that the item was to be charged to his account, no definite time fixed for settlement but that the due date was at such time as he could get cash or notes to settle with and such settlement was made thirty days from date of purchase and that date lacked eleven days being three years, the time at which the item would have been barred.

· But the fact is plain to me, in view of positive testimony of witness Johnson, manager of plaintiff's company, that May 1st, was settlement day and testimony of defendant McMurphy that no item was to bear interest till May 1st, that that was the time set for settlement.

¨ I respectfully submit that for any of the several reasons above set out, the judgment of the lower court ought to be reversed and this case remanded to the court from whence it came, for new trial.

*U. B. Parker,* for appellee.

To begin with it seems that attorney for plaintiff attempts to blow hot and cold at the same time. In his pleading he says that the fertilizer was shipped to the defendant and that they had two settlement days in each year, one on the 1st of May and the other later, and by that he attempts to surround the plea of statute of limitations. In all the testimony of Mr. Johnson, plaintiff's manager, it is shown that these two cars of fertilizer were sold to Harrison County Union Warehouse Company and no evidence whatever was introduced by plaintiff to show any deal other than that he was to pay for the fertilizer from them. Nor did plaintiff sell any fertilizer to the defendant through the Harrison County Union Warehouse Company and then rather than admit their error took an assignment of the invoice, Record page 14, which purported to have been for a valuable consideration, but the assignment is not evidence, nor was it introduced in evidence.

A careful scrutiny of all the evidence of Mr. Johnson will show that he did not make the sale to McMurphy and that he did not know anything about the terms on which the sale or contract was made. All these contracts were made by Mr. Cole, who was the manager at that time, and Johnson could not testify about them, nor did he have any records from his office to throw light on the subject.

There could be no doubt from Mr. Johnson's testimony that McMurphy had paid for every item on the itemized statement except the two first items and that Mr. Allen had taken customer's notes to cover every sack of the fertilizer delivered from those cars.

The record will further show that Mr. McMurphy had been sued on his notes for all the items except the first two and that the suits had been withdrawn and that suits had been filed by Merchants and Farmers

Bank on some of their notes and that judgment had been rendered and paid.

Now, with reference to McMurphy's testimony about the contract, and he is the only man who testified about the terms of the contract having knowledge thereof, and he testified that he received the cars and delivered the goods with the understanding that he was to take notes and return them to the company, and that he did so. These cars were shipped him on the 16th day of February, and from the record it will be noticed that he immediately delivered the goods to various and sundry farmers and took their notes or assisted the agent of Gulfport Fertilizer Company in taking their notes.

Now, we call the court's attention to the fact that Mr. McMurphy was simply receiving the fertilizer and dishing it out to the farmers. He evidently received the fertilizer shipped to him and evidently dished it out to the farmers and since Mr. Allen, the agent of the company, came up and took notes from the farmers and allowed Mr. McMurphy his commission. I cannot see how the Gulfport Fertilizer Company can claim an indebtedness against McMurphy. They have not sued him for a shortage of fertilizer and have not sued him for nondelivery of notes as it seems that it was their agent who took the notes for the fertilizer he had delivered, and while they began their suit by filing a great long itemized statement covering two or three years' dealings, when their pleading is completed and Mr. Johnson gets on the stand he testifies that everything was settled for except the two first cars, and the attorney for plaintiff agrees with attorney for defendant that the identical fertilizer in these two cars was delivered to certain specified farmers and their notes taken therefor, and in view of all this complaint that the court below gave peremptory instructions for the defendant and depend on a long list of decisions touching the law on withdrawing pleas when he did not ask for the pleas in the trial of the case or attempt to offer

them in evidence, and for the further reason that the court permitted the defendant on across examination to introduce a statement covering these two items shown as exhibits to Mr. Johnson's testimony. Mr. Johnson admitted that they were correct.

Appellant makes considerable complaint that he was not permitted to introduce evidence to show the customary terms on which the fertilizer was sold.

If this had been a sale of fertilizer or invoice without any dating or special agreement as to the terms it might have been competent to have proven the usual terms, but the pleadings and the evidence abundantly show that this was not a sale of fertilizer at all. This fertilizer was shipped to McMurphy for delivery and he was supposed to take notes from the parties who got the fertilizer when it was delivered. Quite a different deal altogether. And, to say the least, this is strongly in favor of the defendant. Plaintiff was to ship the fertilizer to defendant and he was to deliver it to the farmers and take their notes and get two dollars per ton. Defendant was to send the notes when the fertilizer was delivered.

In conclusion we insist that the lower court had the entire matter before him, saw all the pleadings and heard all the testimony and it seems that the right result was reached and that a proper and equitable decision was rendered and we believe the case should be affirmed.

SYKES, J., delivered the opinion of the court.

Suit was instituted by the appellant, Gulfport Fertilizer Company, against J. A. McMurphy, appellee, in the circuit court, for four hundred and fifty-one dollars and fifty cents, balance claimed to be due on an open account.

Defendant in the court below pleaded the general issue and a special plea setting out the fact that he had

settled with defendant for all items on this account except those contained in the first two cars shipped to the defendant; that the two cars above mentioned were shipped to him on consignment, with the understanding that he would deliver the fertilizer to certain persons and take their notes therefor and turn these notes over to the fertilizer company; that he was not to be held liable to plaintiff for these two cars after taking these said notes; that in accordance with this contract, he took notes and turned them over to the fertilizer company, and for this reason is not liable for any balance due on these two cars. Defendant also gave notice, under the general issue, that he would prove a payment for these two cars. A special plea of the three-year statute of limitations was then filed by the defendant. Issue was joined on the special pleas by the plaintiff.

There was some question raised in the pleadings, and also in the testimony, about these first two cars having been sold to the Harrison County Union Warehouse Company; but inasmuch as the defendant himself testified that he received these two cars under his contract with the plaintiff, it makes no difference as to their being originally billed or sold to the Harrison County Union Warehouse Company.

The testimony introduced by the plaintiff in the court below was to the effect that the entire account was correct, and that the defendant had settled for all of the items except the goods shipped him in the first two cars, the price of which was the amount here sued for; that at the time of the settlement with the defendant, at which time defendant gave his personal notes for balance due plaintiff, the defendant was credited with all of the notes which he claims to have taken from customers who purchased the fertilizer contained in the first two cars, but, through an oversight, these two cars at that time were not charged to the defendant, and no settlement had ever been made as to them. The defendant himself was put upon the witness stand by the

plaintiff, and did not deny the correctness of the account against him, or that he had not been charged with the amounts herein sued for at the time he gave the notes. His defense was that he had taken notes for the contents of these two cars, which notes were delivered to the plaintiff. These two cars were purchased from the plaintiff on February 16, 1911, and this suit was filed in March, 1914, or about three years and one month after the date of the purchase of these two cars. The defendant was asked when he should have made settlement with the plaintiff for these two cars. His answer was that he made settlement by selling the fertilizer and taking the notes of his customers for the same, which notes were accepted in settlement by the plaintiff; that there was no particular time limit within which he had to do this; that they did not charge purchasers of fertilizer any interest on purchases made prior to May 1st of each year until May 1st.

The plea of the statute of limitations is an affirmative plea, and must be proved by the party setting it up. In this case it was incumbent upon the defendant, in order to take advantage of the plea, to show that the cause of action herein sued for, accrued against him more than three years prior to the service of summons upon him in this suit. The record does not show when this process was served upon defendant. In his testimony, defendant declined to testify to any certain time when he was to make settlement for these cars.

The cause of action did not accrue against him until the time elapsed within which it was his duty to have made this settlement. The defendant testified that he had settled for these two cars with the general manager of the fertilizer company, but failed to state the details of this settlement. A motion to exclude the testimony and for a peremptory instruction was sustained in the circuit court. Whether it was based upon the theory that the defendant had settled for these goods,

or whether, upon the theory that the suit was barred by the statute of limitations, we do not know.

We think, however, that, under the testimony in this case, which is of rather a general character, these questions were controverted questions of fact, and should have been submitted to the jury for its determination.

*Reversed and remanded.*