485 So.2d 1051 (1986)
Grady SMITH
v.
Dr. Harvey C. SANDERS.
No. 56169.
Supreme Court of Mississippi.
March 12, 1986.
Rehearing Denied April 23, 1986.
*1052 Gary L. Bates, Jackson, for appellant.
Jimmie D. Reynolds, Jr., Steen, Reynolds, Dalehite & Currie, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
The Circuit Court of Hinds County, Mississippi, Charles T. Barber, circuit judge, granted a summary judgment on the ground that this medical malpractice action was barred by the two-year statute of limitations.
Smith sued Sanders on April 5, 1983, alleging that some time in July, 1978, the doctor had examined and treated him but either failed to properly diagnose his problem or failed to render the proper treatment after the diagnosis.
On April 28, Sanders filed his answer and his second affirmative defense was that this cause was barred by Mississippi Code Annotated § 15-1-36 (Supp. 1985), the two-year statute of limitations applicable to medical malpractice. Under this defense, Sanders moved to dismiss the case with prejudice.
The court entered an order sustaining the statute of limitations defense, but granted Smith leave to amend and on May 13, 1983, Smith's amended declaration was filed. A new claim alleged that Smith with reasonable diligence could not have discovered his injuries within two years of Sanders' treatment and that he did file his action within two years after discovering the injuries.
Sanders again raised the statute of limitations and moved for summary judgment pursuant to Rule 56(b) Mississippi Rules of Civil Procedure. On November 13, 1984, a motion for summary judgment was granted and the case was dismissed with prejudice.

WAS THE SUMMARY JUDGMENT PROPERLY GRANTED?

I.

WHEN DID THE CAUSE OF ACTION ACCRUE, THEREBY TRIGGERING THE RUNNING OF THE STATUTE OF LIMITATIONS?
The relevant portion of § 15-1-36 is as follows:
No claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.
The two-year statute of limitations does not commence running until the patient discovers or should have discovered that he has a cause of action. Pittman v. Hodges, 462 So.2d 330 (Miss. 1984). The focus is upon the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he probably has an actionable injury. The operative time is when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.
There may be rare cases where the patient is aware of his injury prior to the *1053 two years immediately preceding the filing of his claim, but does not discover and could not have discovered with reasonable diligence the act or omission which caused the injury. In such cases, the action does not accrue until the latter discovery is made. See United States v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (interpreted the statute of limitations under the Federal Tort Claims Act; the focus is not upon when the plaintiff actually discovered that legally he had a cause of action; instead, it is upon when he discovered, or should have discovered, that he had an injury and the cause of such injury; these discoveries give him sufficient knowledge to inquire as to whether he has a cause of action); Waits v. United States, 611 F.2d 550, 552 (5th Cir.1980) (also involved the Federal Tort Claims Act; "It is not enough that the claimant is aware of his injury if he is unaware of the act or omission which caused the injury.").
Such is not the case here, since Smith clearly knew of the act or omission which he alleged caused his injury. The question before us is, When did he discover, or should have discovered through the exercise of reasonable care and diligence, the injury itself? At that time, whenever it was, the statute of limitations began to run.

II.

IS THIS ISSUE A PROPER ONE FOR A SUMMARY JUDGMENT?
The plea of statute of limitations is an affirmative defense and, as such, the party asserting it has the burden of proving it. Rule 8(c), Miss.R.Civ.P.; Graham v. Pugh, 417 So.2d 536, 540-41 (Miss. 1982); Gulfport Fertilizer v. McMurphy, 114 Miss. 250, 75 So. 113 (1917). Occasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion. See Gulfport Fertilizer Co., 114 Miss. at 258-59, 75 So. at 113-14. Consistent with the Mississippi Rules of Civil Procedure, we are of the opinion that the question of the running of the statute of limitations to bar an action may also be the subject of a summary judgment if there exists no genuine issues of material fact concerning the question.

III.

WAS THERE A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE CASE WAS BARRED BY THE STATUTE OF LIMITATIONS?
We have determined what is required to start the two-year statute of limitations running, and we have further determined that in the absence of a genuine issue of material fact the question is subject to summary judgment. We now face the issue of the propriety of the summary judgment under the facts of this case.
When the doctor moved for summary judgment in this case, he supported his motion by claiming that he would show that the patient had a tumorous growth of his right arm, and that this condition was first diagnosed by a Dr. Truly some time prior to the patient's last visit to the doctor in 1978. To substantiate this, the doctor attached an excerpt from the patient's deposition. In this excerpt, the patient stated that prior to seeing the doctor in June of 1978, he had seen another doctor because of a problem with his arm which the first doctor said was a myxoma tumor.
The doctor further alleged that he would show that the patient had been admitted to a hospital in Jackson in June, 1978, and that there the doctor had made a diagnosis of myxoma and that he had performed an operation but did not resect the tumor because of its condition, and that all of this was communicated to the patient. To substantiate this claim, another excerpt from the deposition was attached and the hospital records were also attached.
Finally, the doctor alleged that he would show that the patient was hospitalized at another hospital in Jackson, in the fall of *1054 1982, at which time he gave a history of having been seen by the doctor with a diagnosis of myxoma. To substantiate this, a copy of the hospital records from that hospital was attached. Furthermore, a letter from one of the patient's treating physicians at the second hospital was attached and the letter stated that the patient gave a history of having been seen by the doctor in July of 1978 with a diagnosis of myxoma. The discharge summary from the second hospital and the letter both indicate that the tumor had grown in size since 1978.
The patient's contention is that the failure by the doctor to resect was negligence. The doctor's contention is the patient's pleadings, the excerpts from his depositions, and the hospital records show that the patient knew in 1978 that the doctor had diagnosed myxoma and that he had not resected the tumor. It was on this basis that the trial court apparently granted the summary judgment.
Only one-half of the question has been answered, however. The material introduced in support of the motion for summary judgment does not show that there was no genuine issue of fact as to when Smith discovered, or should have discovered with reasonable diligence, that he had an injury or other damages because of the failure to resect.
The lead case in Mississippi on summary judgments is Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983). Here we noted that the argument for a summary judgment is the functional equivalent of a request for a peremptory instruction.
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
The burden of demonstrating that no genuine issue of fact exists is on the movant. The opposing party "should be given the benefit of every reasonable doubt." Id. at 362. "If there should be error ... it should be in denying the summary judgment and in favor of a full live trial." Id. at 363 (quoting 6 Moore's Federal Practice § 56.-15 [1.-2] p. 56-435 (1982)). And, though they may be appropriate in the right cases, summary judgments "should be granted with great caution." Id. at 363.
Relying on Rule 56(e), we went on to say, "[M]ere denial [of the movant's allegations that there is no genuine issue of fact] is insufficient to create an issue of fact... . Only sworn denials providing a credible basis thereof in evidentiary fact will suffice... . The party opposing the motion is required to bring forward significant probative evidence demonstrating the existence of the triable issue of fact." Id. at 364. However, we noted that the movant "is not permitted to rest exclusively on the weakness of [the opposing party's] response... . Before we can affirm the summary judgment ... we must ascertain that the strength of [the movant's] showing is such that [he] is entitled to judgment as a matter of law." Id.
It is pursuant to this last proposition that we find that the trial court committed error. The material offered in support of the motion did show that the patient knew of the act or omission which he alleged caused him injury. However, there is nothing in the record that shows when he first discovered, or should have discovered with reasonable diligence, that he was injured or damaged by the act or omission. There is nothing in the record which shows when he first felt pain or a continuation of pain after the 1978 operation. There is nothing in the record as to when the patient was first prohibited from doing manual work. Only when the patient discovered, or should have discovered with reasonable diligence, that he had been injured or damaged because of the failure to resect did he have sufficient knowledge to be aware of the fact that he had a cause of action. The *1055 initial burden was on the doctor, who was the movant, to present some evidence which showed that this discovery was made two years prior to the date the cause of action was filed.
Obviously a directed verdict may be available to the doctor at the conclusion of the patient's case if the evidence introduced shows that the patient had constructive knowledge of an injury two years before he filed his suit. If not then, a directed verdict or peremptory instruction may be available if the doctor shows such in the presentation of his case. The tests are the same; however, the evidence the judge has before him in making the determination may be different. In this case, the trial judge did not have before him evidence which showed that there was no genuine issue of fact as to when Smith discovered that he had an injury which was caused by the alleged negligence of Dr. Sanders, and that Sanders was entitled to judgment as a matter of law.
For that reason, the granting of the summary judgment was reversible error and in clear violation of Rule 56 of the Mississippi Rules of Civil Procedure.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ. and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.