## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CA-00757-SCT

| | |
|---|---|
| *LESLIE PICKENS, INDIVIDUALLY AND ON BEHALF OF VINCENT T. PICKENS, A MINOR* | |
| *v.* | |
| *JOHN JOEL DONALDSON, M. D., VIBHA VIG, M. D. AND ALAN L. CAUSEY, M. D.* | |

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/1998 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HIAWATHA NORTHINGTON, II |
| | ISAAC K. BYRD, JR. |
| | ROBERT GEORGE CLARK, III |
| ATTORNEYS FOR APPELLEES: | JAN F. GADOW |
| | STEPHEN P. KRUGER |
| | WALTER T. JOHNSON |
| | CECIL MAISON HEIDELBERG |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART-09/23/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/14/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes to this Court on appeal of Leslie Pickens from the Circuit Court of Hinds County subsequent to an adverse ruling by that court applying the Misssissippi Tort Claims Act to this case and dismissing complaints of negligence against three doctors of the University Medical Center on summary judgment.

¶2. After full consideration, we conclude that the lower court was correct in dismissing the complaint against Dr. Vig, who clearly was an employee of UMC, but was premature in dismissing the complaints against

Drs. Donaldson and Causey because the record is unclear regarding whether they are employees or independent contractors with UMC. Their cases should be remanded to the lower court for additional discovery.

## STATEMENT OF THE FACTS

¶3. On June 18, 1993, at 12:35 a.m., Appellant Leslie Pickens carried her son, Vincent Pickens, to University Medical Center ("UMC") for emergency care. Vincent had a temperature of 104.7 degrees and was suffering from diarrhea, vomiting and shaking. Vincent was seen by Appellee doctors Causey and Vig. The doctors prescribed Advil and Pedialyte and discharged him. At discharge, his temperature was 102 degrees.

¶4. At 8:19 p.m. of the same day, Pickens returned to UMC with Vincent, who had a temperature of 102 degrees and was vomiting. Dr. Causey saw Vincent and discharged him again under instructions to continue taking Advil or Tylenol.

¶5. The next morning at 7:10 a.m., Pickens returned to UMC with Vincent who had a temperature of 103 degrees and was lethargic and stiffening. Vincent was then diagnosed with pnuemococcal meningitis and admitted to the hospital. Vincent ultimately suffered the loss of his hearing.

## THE PROCEEDINGS BELOW

¶6. On December 14, 1994, Pickens filed her suit individually and on behalf of her son Vincent in the Circuit Court of the First Judicial District of Hinds County against Doctors John J. Donaldson, Vibha Vig, and Alan L. Causey for negligence in their diagnosis. The Defendant doctors filed motions for summary judgment claiming, *inter alia*, that they were immune from suit based on the Mississippi Tort Claims Act ("MCTA") and the statute of limitations.

¶7. On December 10, 1997, Pickens filed a Motion for Leave to Amend the Complaint in order to add UMC as a necessary party defendant. On January 7, 1998, the circuit court granted the Defendant doctors' Motions for Summary Judgment. On January 24, 1998, the circuit court also denied Pickens' Motion for Leave to Amend the Complaint.

¶8. Aggrieved, Pickens appealed from these orders and raises the following contentions:

**I. THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT.**

**II. THE CIRCUIT COURT ERRED IN DENYING THE MOTION FOR LEAVE TO AMEND THE COMPLAINT.**

**III. THE TORT CLAIMS ACT IS UNCONSTITUTIONAL.**

**IV. PUBLIC POLICY DICTATES THAT MEDICAL MALPRACTICE CASES UNDER THE TORT CLAIMS ACT SHOULD BE TREATED AS REGULAR MEDICAL MALPRACTICE CASES.**

## STANDARD OF REVIEW

¶9. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no

genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the rule. *Richmond v. Benchmark Const. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Lyle v. Mladinich*, 584 So.2d 397, 398 (Miss. 1991).

¶10. This Court employs a *de novo* standard in reviewing a lower court's grant of summary judgment. *Mississippi Ethics Comm'n v. Aseme*, 583 So.2d 955, 957 (Miss. 1991); *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So.2d 436, 438 (Miss. 1989). Evidentiary matters are viewed in a light most favorable to the nonmoving party. *Palmer v. Biloxi Med. Ctr., Inc.*, 564 So.2d 1346, 1354 (Miss. 1990). If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Richmond,* 692 So.2d at 61; *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1984).

## LEGAL ANALYSIS

### I. THE CIRCUIT COURT ERRED IN GRANTING SUMMARY JUDGMENT.

### II. THE CIRCUIT COURT ERRED IN DENYING THE MOTION FOR LEAVE TO AMEND THE COMPLAINT.

### IV. PUBLIC POLICY DICTATES THAT MEDICAL MALPRACTICE CASES UNDER THE TORT CLAIMS ACT SHOULD BE TREATED AS REGULAR MEDICAL MALPRACTICE CASES.

¶11. We discuss these three issues together. Pickens contends that trial court erred when it found as follows:

The waiver provision (Miss. Code Ann. § 11-46-16(2)) does not aid the plaintiffs (Pickens). First, the referenced waiver applies only against governmental entities themselves, not individuals.

Pickens asserts first that the Defendant doctors have waived immunity based on UMC's purchase of liability insurance on their behalf. Pickens asserts that Miss. Code Ann. § 11-46-16(2) waives the doctors' immunity to the extent of the limits of their liability policies. Miss. Code Ann.§ 11-46-16(2) states in pertinent part:

(2) If any governmental entity has in effect liability insurance to cover wrongful or tortious acts or omissions of such governmental entity **or its employees**, such governmental entity may be sued by anyone affected to the extent of such insurance carried.

Miss. Code Ann. § 11-46-16(2) (Supp. 1999) (emphasis added). Furthermore, Section 11-46-16(4) states that "this section shall be of no force or effect from and after July l, 1993, as to the state and, from and after October l, 1993, shall be of no force or effect as to political subdivisions." Miss. Code Ann. § 11-46-16(4) (Supp. 1999). Thus, Section 11-46-16 was in effect when the alleged negligence occurred on June 18-19, 1993. Finally, the alleged negligence occurred at a university hospital of the state, UMC. *See* Miss. Code Ann. § 11-46-1(j) (Supp. 1999).

¶12. Notwithstanding the applicability of § 11-46-16(2) to Pickens, the suit available to Pickens, because of the liability insurance purchased by the defendant is still pursuant to the Mississippi Tort Claims Act

("MTCA"). The effective date of the MTCA is April 1, 1993, the date of its passage. *__Chamberlin v. City of Hernando__, 716 So.2d 596 (Miss. 1998)*. The MTCA provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit.[1] Miss. Code Ann. § 11-46-7(1) (Supp. 1999); *Moore v. Carroll County, Mississippi*, 960 F.Supp. 1084, 1088 (N.D. Miss. 1997)("The remedy provided pursuant to the MTCA is exclusive of any other state law remedy sought against a governmental entity or its employee."). Any claim filed against a governmental entity or its employee shall be brought only under the MTCA. In fact, Section 11-46-7(2) states:

> (2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but **no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties**. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2) (Supp. 1999) (emphasis added).

¶13. The larger question may be whether the staff doctors treated this patient as independent contractors, charging fees for the services separate and apart from what was charged by UMC. Pickens argues that he requested that full discovery should continue and that summary judgment is not a proper vehicle for resolution. Pickens is primarily referring to the purchase of liability insurance, rather than whether all three doctors were employees of UMC and thus protected by the MTCA. Regardless, we note that although the issue of the doctors dismissal because allegedly they are all employees of UMC is rather clear regarding Dr. Vig, it is not so clear concerning Drs. Donaldson and Causey.

¶14. There is some evidence in the record that Drs. Donaldson and Causey may not be "employees" for the purposes of the Act. In an Attorney General's opinion cited in the physicians' brief and included as an appendix thereto, there is an explanation that staff physicians at UMC are not compensated solely by the State. Miss. Att'y Gen. Op. No. 98-0500 (Sept. 4, 1998). Additionally, the motions for summary judgment on behalf of Drs. Donaldson and Causey contain supporting affidavits which mention the employment contracts of the staff physicians, but those contracts are not found in the appellate records of this case. Those contracts might shed further light on this subject. It should also be noted that Dr. Vig makes the distinction that she is *not* a staff physician, unlike Drs. Donaldson and Causey, underscoring that she is clearly an employee of the University, and thus protected by the MTCA. There is some question in the record that Drs. Donaldson and Causey may not be covered by the MTCA. Because there is insufficient evidence in the record to make the legal determination of Drs. Donaldson and Causey's employment status and whether the MTCA is applicable, this case is remanded for additional discovery on the issue.

¶15. While the physicians correctly note that a party should present some evidence, not just generally deny allegations of fact, to prevent summary judgment, the question of the applicability of the MTCA is as much a question of law as it is of fact. *Compare, __City of Pascagoula v. Tomlinson__, No. 97-IA-00845-SCT, 1999 WL 298514 (Miss. May 13, 1999) and __Overstreet v. George County Sch. Dist.__, No. 97-CA-01456-COA, 1999 WL 410498 (Miss. Ct. App. June 22, 1999)*(finding that substantial compliance under the MTCA is a question of law even though it is a fact-sensitive determination). While the determination of whether the MTCA applies is fact-sensitive, it is the burden of the party moving for summary judgment to

prove that he or she is entitled to judgment as a matter of law. Drs. Donaldson and Causey have not met that burden. They may not simply rely on Pickens's failure to submit evidence of a factual dispute regarding the compensation of the staff physicians, especially when that evidence is exclusively within the possession of the physicians.

¶16. This Court has recently considered this same issue in ***Owens v. Thomae***, No. 98-CA-0237-SCT, 1999 WL 682075 (Miss. September 2, 1999), wherein the Court was confronted with whether three other UMC doctors were employees rather than independent contractors and thus protected by the MTCA. This Court found "that the lower court was correct in determining that the two residents, Drs. Kim and Dixon, were employees of the hospital and that Owen's failure to comply with the Mississippi Torts Claims Act should result in their dismissal." *Id.* at 19. Our Court went on to state, "However, we find the employment status of Dr. Thomae is unclear. Further discovery should have been permitted on the issue of Dr. Thomae's status vis-a-vis the hospital at the time of surgery. If Dr. Thomae is found to be an independent contractor, he is not entitled to the protections of the Tort Claims Act. Miss. Code Ann § 11-46-11(f). *Id.* at 20-21.

¶17. We find that this record clearly and sufficiently reveals that Dr. Vig is not a staff physician, but rather a post-graduate House Staff Officer, and thus is an employee of the State, who is provided with no additional compensation for her services. Therefore, we hold, as in *Owens*, that without question, based on the factual information in this record that the MTCA applies to her, and the lower court was correct in dismissing the complaint against her. The lower court is reversed as to Drs. Donaldson and Causey, and their cases are remanded for additional discovery. The judgment is affirmed as to Dr. Vig, a state employee, who is protected by the MTCA.

¶18. The trial court found that Miss. Code Ann. § 11-46-11(3) was "an exclusive limitation applying to all actions subject to the Tort Claims Act, and it provides a one year limitations period." Because Pickens's suit was filed approximately eighteen months after the alleged negligence, it was time barred under the Act. The trial court also denied Pickens' Motion for Leave to Amend the Complaint because "amendments (under Rule 15) changing or adding a party arise from the same cause of action and be brought within the time limits set forth for commencement of that action."

¶19. Pickens contends that the one year statute of limitations should not apply since the alleged negligence occurred prior to effective date of the Act against UMC or its employees. Therefore, Pickens's action could not have been brought under the Act and the Act's statute of limitations should not apply either. Because this is a medical malpractice claim, Pickens argues that the general two year statute of limitations should apply instead.

¶20. The defendant doctors counter that the effective date of the MTCA is April 1, 1993, and therefore, the MTCA is the exclusive remedy whose statute of limitations should apply. They argue that the one year statute of limitations and notice of claim requirements of Miss. Code Ann. § 11-46-11 became effective on April 1, 1993. Moreover, as stated previously, Miss. Code Ann. §§ 11-46-16 and -17, effective April 1, 1993, authorized political subdivisions to purchase liability insurance to cover tort claims arising before October 1, 1993. Section 11-46-17 , effective April 1, 1993, created a Tort Claims Fund to cover any damages awarded for causes of action arising on or after July 1, 1993. At the time of the alleged negligence-June 18-19, 1993-- Pickens had a cause of action under the act to the extent UMC had liability insurance coverage.

¶21. Miss. Code Ann. § 11-46-11(3) states that "[a]ll actions brought **under the provisions of this**

**chapter** shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after . . ." Miss. Code Ann. § 11-46-11(3) (Supp. 1999). In ***Starnes v. City of Vardaman***, 580 So.2d 733, 736 (Miss. 1991), this Court interpreted this section and held that "the statute limits only 'all actions brought under the provisions of this chapter....' Since 'this chapter' has never authorized an action--the present effective date is October 1, 1991--Starnes' action was not and could not have been brought under it." ***Id.*** There, the alleged negligence occurred on July 23, 1991, before the effective date of October 1, 1991.

¶22. Moreover, in ***[Chamberlin v. City of Hernando](), 716 So.2d 596 (Miss. 1998),*** this Court definitively stated that "[t]he Legislature intended for § 11-46-11 to take effect from and after April 1, 1993, its date of passage."***Id.*** at 601 (¶15). The MTCA was in effect at the time of alleged negligence to Pickens and was the exclusive remedy available.

¶23. In ***[Barnes v. Singing River Hosp. Sys.](), 733 So. 2d 199, 202 (Miss. 1999),*** a medical malpractice case, this Court stated that "[t]he Mississippi Legislature has conclusively stated that the one-year statute of limitations set out in § 11-46-11(3) applies to all actions against governmental entities under the Mississippi Tort Claims Act, regardless of any other statutes of limitations that would otherwise apply." ***Id***. And recently, in ***[State v. Dampeer](), No. 97-IA-00275-SCT, 1999 WL 418804 (Miss. June 24,1999),*** this Court reversed and rendered a dismissal on interlocutory appeal where the complaint was filed over two years after the accident. This Court stated there that "when the proper requirements of bringing a claim for injury against a governmental agency in the State of Mississippi are met, including the giving of the proper notice, the statute of limitations allows one year, plus ninety-five days in which to bring the claim." ***Id.***

¶24. Because Pickens failed to bring her claim within the MTCA's one-year limitations period, the cause of action is time-barred, and the trial court's grant of summary judgment on independent grounds that Pickens failed to satisfy the statute of limitations of Miss. Code Ann. § 11-46-11(3) is affirmed, but only as to Dr. Vig. This issue is left open for the lower court to reconsider as the issue relates to Drs. Donaldson and Causey after determining first whether they are employees and covered by the MTCA.

¶25. Alternatively, Pickens contends that the discovery rule must apply in medical malpractice actions brought under the MTCA. This Court has recently held that the discovery rule does apply to latent injury claims under the MTCA. ***Barnes***,733 So. 2d at 205.

¶26. There, this Court explained as follows:

As we stated in ***Smith v. Sanders***, 485 So.2d 1051 (Miss.1986):

There may be rare cases where the patient is aware of his injury prior to the [expiration of the limitations period], but does not discover and could not have discovered with reasonable diligence the act or omission which caused the injury. In such cases, the action does not accrue until the latter discovery is made.

***Sanders***, 485 So.2d at 1052-53. Such is the case here. While the Barneses may have been aware of Lisa's injuries before the one year time limit was up, they could not reasonably have known that Singing River was responsible for those injuries until their medical expert notified them of the possible negligence on May 8, 1996. We find that the statute of limitations did not begin to run until that date. As a result, the Barneses' complaint, filed on March 5, 1997, was timely filed within the one-year

statute of limitations.

*Barnes*, 733 So. 2d at 205-06.

¶27. However, here Pickens has made no claim anywhere in the record or in her briefs to this Court that the injury to her son was latent. In fact, the alleged negligence, a failure to diagnose meningitis, took place on June 18-19, 1993. Pickens has not asserted or offered any evidence that she did not or could not have discovered the injury to her son within the applicable statute of limitations. Without more, this case is clearly not one of those rare cases as contemplated in *Barnes* and *Sanders*.

¶28. In regards to the denial of Pickens's Motion for Leave to Amend the Complaint in order to add UMC as a party defendant, we affirm that denial. It is simple logic that if the claim against the defendant doctors is time-barred, then so should the claim against UMC. In other words, in order to "relate back" under Mississippi Rule of Civil Procedure 15(c),[2] the original complaint must be valid and here it is not.

¶29. Therefore, the trial court properly awarded summary judgment to the defendant Dr. Vig on the grounds that the suit was time-barred under the MTCA. Summary judgment as to Drs. Donaldson and Causey is premature and their cases are remanded for further discovery. Pickens's assertion that the discovery rule should be applied here is unwarranted as unsupported by the facts.

### III. THE TORT CLAIMS ACT IS UNCONSTITUTIONAL.

¶30. Pickens's final contention of error is a multi-faceted constitutional attack on the MCTA. Pickens asserts that the MCTA "violates several portions of the Mississippi Constitution as applied to individual physician immunity, as applied to minors, and as applied to medical malpractice cases brought against state-run hospitals and their employees."

¶31. The defendant doctors respond that this issue is procedurally barred from appellate review because Pickens did not make a constitutional attack at the trial level in response to the motions for summary judgment nor did she give notice to the Attorney General's office as required by Miss. R. Civ. P. 24(d) and M.R.A.P. 44(a). The defendant doctors are correct. In *Barnes*, this Court stated as follows:

> [T]he constitutionality issue is barred, because it was not raised in the trial court and because the Attorney General's Office was not properly notified. "We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances." *Educational Placement Services v. Wilson*, 487 So.2d 1316, 1320 (Miss.1986). "The law has been well settled that the constitutionality of a statute will not be considered unless the point is specifically pleaded." *Smith v. Fluor Corp.*, 514 So.2d 1227, 1232 (Miss.1987). Furthermore, Rule 24(d) of the Mississippi Rules of Civil Procedure requires that proper notice be given to the Attorney General when the constitutionality of a statute is challenged "to afford him an opportunity to intervene and argue the question of constitutionality." Miss. R. Civ. P. 24(d). Rule 44(a) of the Mississippi Rules of Appellate Procedure similarly requires service of any appellate brief challenging the validity of a statute "on the Attorney General, the city attorney, or other chief legal officer of the governmental body involved." M.R.A.P. 44(a). "Except by special order of the court to which the case is assigned, in the absence of such notice neither the Supreme Court nor the Court of Appeals will decide the question until the notice

and right to respond contemplated by this rule has been given to the appropriate governmental body." M.R.A.P. 44(c). The Barneses' failure to raise the issue of the constitutionality of §11-46-11(3) at trial or to notify the Attorney General's Office of their challenge of the statute results in the procedural bar on this issue.

*Barnes*, 733 So. 2d at 202-03. Similarly, Pickens has failed to comply with Miss. R. Civ. P. 24(d) or M.R.A.P. 44. Therefore, Pickens's failure to raise the issue of the constitutionality of §§11-46-1 *et seq.* before the lower court or to notify the Attorney General's office of her challenge of the statute results in the procedural bar on this issue. The constitutional attack is thus without merit. Finally, in regards to the separate opinion, we note that the issue of the minors savings clause enacted in Miss. Code Ann § 15-1-59 (1995), was not raised at the trial level in the case at bar. Besides, even if it had been raised, this Court has already addressed this issue in *Marcum v. Hancock County Sch. Dist.*, 97-CA-00916, 1999 WL 353073 (Miss. June 3, 1999) and held that the MCTA is not subject to the minors' savings clause. We decline to overrule *Marcum*.

## CONCLUSION

¶32. We conclude that the lower court was correct in dismissing Dr. Vig, who clearly was an employee of UMC and protected by the MCTA. Therefore, we affirm the judgment below in part to the extent that it dismissed this action against Dr. Vig. The record is unclear on this employment status issue regarding Drs. Donaldson and Causey. Thus the lower court's dismissal of the cases against them was premature. We reverse the judgment below in part to the extent that it dismissed this action against Drs. Donaldson and Causey, and we remand this case for further discovery and proceedings consistent with this opinion as to Drs. Donaldson and Causey.

¶33. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR. SULLIVAN, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., AND WALLER, J. McRAE, J., NOT PARTICIPATING.**

## SULLIVAN, PRESIDING JUSTICE, SPECIALLY CONCURRING:

¶34. I concur with the result reached by the majority as far as it goes. It does not go far enough.

¶35. The doctors in this case misdiagnosed Vincent two different times before he finally received treatment for his pnuemococcal meningitis, which ultimately resulted in the loss of his hearing. The State, through our Legislature, has in the past intervened to protect the rights of children by enacting the minor savings clause in Miss. Code Ann. § 15-1-59 (1995). The savings statute serves to toll the applicable statute of limitations until that time when a minor reaches his majority. "The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability." *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So. 2d 388, 391 (Miss. 1998). Discussing child support in *Wilson v. Wilson*, 464 So. 2d 496, 499 (Miss. 1985), we held, "To allow the statute of limitations to run during the disability of the

minor, the very period through which the minor needs and is entitled to the support of his parents, would defy reason." We have previously held that the one-year statute of limitations in the Mississippi Tort Claims Act does not begin to run until the reasonable discovery of the negligence in latent injury cases. *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 205-06 (Miss. 1999). Mississippi's children deserve that same courtesy through tolling the statute of limitations to protect their rights during minority.

¶36. Allowing the statute of limitations to run during Vincent's minority, "the very period through which the minor needs and is entitled to" the protection of the State, defies reason, and surely was not the intention of our Legislature. Our children should be our first priority. Where a choice must be made, it is our children, not our State, who should be safeguarded by our laws.

¶37. But, in *Marcum v. Hancock County Sch. Dist.*, 97-CA-00916, 1999 WL 353073 (Miss. June 3, 1999), we held that the MTCA was not subject to the minor's savings clause in § 15-1-59. We were clear, careful and wrong.

¶38. I would overrule *Marcum*. I would read the savings clause into the MTCA, and I would open our courts to children.

## PITTMAN, P.J. AND WALLER, J., JOIN THIS OPINION.

1. Title 11, Chapter 46, Sections 1 *et seq*. is also commonly referred to as the Mississippi Sovereign Immunity Act.

2. MRCP Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.