# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CA-00120-SCT

### CONSOLIDATED WITH

## NO. 2007-CA-00322-SCT
### AND
## NO. 2006-CA-00185-SCT

*MICHAEL CRAWFORD*

*v.*

*CUSTOM SIGN COMPANY a/k/a CUSTOM SIGN COMPANY OF BATESVILLE, INC. f/k/a CUSTOM SIGN COMPANY OF GRENADA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/13/2009 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEREK D. HOPSON, SR. |
| ATTORNEYS FOR APPELLEE: | GERALD H. JACKS |
| | KATHY R. CLARK |
| | MARY McKAY LASKER |
| | JAMIE FERGUSON JACKS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 03/27/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., PIERCE AND KING, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     Michael Crawford initiated legal action in circuit court against Defendants Alex Jordan, Morris Transportation, and Custom Sign Company (Custom) based on a motor vehicle accident. First, Crawford filed a petition to perpetuate testimony in the Circuit Court of Coahoma County, Mississippi, to depose Jordan and Morris Transportation in an attempt

to identify any additional defendants. The case was removed to federal court. After removal, Crawford filed a complaint in federal court. Crawford subsequently was granted leave from the federal court to file a complaint in the Circuit Court of Coahoma County against Jordan, Morris, and Custom. The case was later dismissed by the federal court based on premature removal since removal occurred before Crawford had filed a complaint.

¶2. Thereafter, Crawford filed a first amended complaint, styled and numbered as a separate cause of action in circuit court, pursuant to the savings statute. Miss. Code Ann. §15-1-69 (Rev. 2012). Defendants then moved to have both the original complaint and first amended complaint dismissed based on the argument that the federal-court action was dismissed rather than remanded, which would bar Crawford from proceeding on either complaint in circuit court. Alternatively, Defendants asserted that the suit was barred by the general three-year statute of limitations. Miss. Code Ann. §15-1-49. Defendants also alleged that the one-year savings statue did not apply because the federal court granted Crawford's voluntary motion to dismiss, which was not a dismissal for a matter of form in accordance with Mississippi Code Section 15-1-69.

¶3. The trial court granted Defendants' motion to dismiss with prejudice, and Crawford appealed to this Court. We reversed the dismissal, finding that the federal court's dismissal was for a matter of form – lack of subject-matter jurisdiction. This Court also found that the original complaint filed during Crawford's leave from federal court was a nullity, since the case ultimately was dismissed rather than remanded by the federal court. Nevertheless, the first amended complaint was filed after the federal court's dismissal; therefore, it was deemed

2

valid and timely filed within one year after the dismissal; thus the savings statute applied. Accordingly, the case was remanded.

¶4.     On remand, Crawford settled with Jordan and Morris Transportation. Custom filed its answer and motion for summary judgment, submitting that Crawford's claims were barred by the statute of repose. Miss. Code Ann. §15-1-41. Crawford filed multiple responses to Custom's motion for summary judgment, alleging fraudulent concealment, the inapplicability of the statute of repose, and waiver. The trial court granted Custom's motion for summary judgment based on the statute of repose being applicable, thus barring Crawford's claims. Crawford filed a motion to reconsider, which was denied by the trial court.

¶5.     Crawford now appeals, requesting this Court remand the case for trial because (1) the statute of repose does not apply in this case, or alternatively, (2) Custom waived the right to such defense. Finding this cause of action should be reversed and remanded for further factual determinations regarding the applicability of the statute of repose, we will not address the issue of waiver.   Therefore, this opinion will discuss whether the trial court erred in finding that there was no genuine issue of material fact, thus making the statute of repose applicable to Custom, warranting a judgment as a matter of law.

## STATEMENT OF THE FACTS

¶6.     In 2001, Jordan, while employed by Morris Transportation, was driving an eighteen-wheel tractor trailer through Clarksdale, Mississippi. As Jordan approached a railroad viaduct, he noticed a 13' 6" clearance warning while also noticing a "Welcome to Clarksdale" sign that was affixed to the underpass. Jordan believed that the bottom portion of the sign appeared to hang slightly below the underpass. Fearing he would not be able to clear the sign

3

hanging from the underpass, Jordan stopped the tractor-trailer in the inner northbound lane to inspect the sign before attempting to proceed through the underpass. Consequently, Crawford, traveling in the same lane, approached the situation and was unable to avoid crashing into the eighteen-wheeler.

¶7. In 1997, Custom was hired to create the "Welcome to Clarksdale" sign to hang from a railroad underpass in Clarksdale. The sign's placement was to cover damaged concrete on the viaduct. In making the sign, Custom used sign board from a sign originally made for Northwest Regional Medical Center, which was no longer in use. During the deposition of an employee of Custom, the employee stated that the sign was "reworked" to meet the specifications of the new sign. The employee further provided that only the panels from the original sign were used and that Custom had to make the tubing for the backside of the new sign.

¶8. Custom's employee also provided that the order was placed by the City of Clarksdale through James Butler, who was the Director of Public Works for the city at that time. The order reads, "Bill to City of C'dale," "Buyer James Butler." The invoice reflecting payment reads, "Sold to City Beautification." James Butler's affidavit states that he was a member of the City Beautification Committee at the time the order was placed, and that the order was placed on behalf of the committee and not the city. Custom stated that it did not have the actual checks from the order, but the record does contain one check stub reading "Depository of the City of Clarksdale." Repairs were made to the sign after its original placement. The repair invoice reads, "Sold to C'dale Flowers and Garden," "James Butler," while the repair order reads, "Sold to City of C'dale," "James Butler."

4

¶9. Custom's employee also explained that, in some instances, Custom would obtain permits for signs before they were installed, but in this instance, it was under the belief that the city would obtain its own permit through James Butler. James Butler recounted that, to his knowledge, the sign company was responsible for obtaining the permit, and any permit would have been obtained through the State of Mississippi, because the city did not own the viaduct. The record does not contain any permit being obtained for the installation of the sign or any documentation revealing the owner of the viaduct.

## STANDARD OF REVIEW

¶10. The trial court's grant of summary judgment is reviewed de novo. *Stuart v. Univ. of Miss. Med. Ctr.*, 21 So. 3d 544, 546 (Miss. 2009) (citing *U.S. Fid. & Guar. Co. v. Martin*, 998 So. 2d 956, 962 (Miss. 2008) (citations omitted)). This Court will affirm the trial court's grant of summary judgment if it is clear that no genuine issue of material fact exists and a judgment as a matter of law is warranted. *Id*. at 547 (citing Miss. R. Civ. P. 56(c); *Martin*, 998 So. 2d at 962).

## ANALYSIS

**Whether the trial court erred in finding no genuine issue of material fact
as to whether this cause of action is barred by the statute of repose.**

¶11. A determination of whether a cause of action is barred by the statute of repose may be properly decided by the trial court if it is clear that "reasonable minds" would not disagree on the decision, otherwise; the issue should be presented before a jury for determination. *Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986) (citing *Gulfport Fertilizer Co. v. McMurphy*, 114 Miss. 250, 75 So. 113, 114 (1917)). This Court has instructed that the trial

court, when deciding on a motion for summary judgment, must consider ". . . admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Smith*, 485 So. 2d at 1054 (quoting *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss. 1983)). The evidence before the trial court must be considered in the light most favorable to the nonmoving party. *Id*. The trial court must not try issues of fact; rather, it is to decide whether issues exist that must be determined at trial. *Evan Johnson & Sons Constr., Inc. v. State*, 877 So. 2d 360, 365 (Miss. 2004) (citing *Brown*, 444 So. 2d at 362)).

¶12. After hearing oral argument on the matter, this Court finds that genuine issues of material fact exist concerning the actual ownership of the viaduct from which the sign hangs, and whether Custom's work involved the design, planning, supervision of construction, or construction to real property as is required by the statute of repose. Mississippi's statute of repose states:

> No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof. This limitation shall apply to actions against persons, firms and corporations performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property. . . .

Miss. Code Ann. § 15-1-41 (Rev. 2012).

¶13. The record indicates that an assumption has been made stating that the viaduct is owned by the state rather than by the City of Clarksdale; however, no evidence has been submitted affirming the assumption. Additionally, testimony differs as to who was responsible for obtaining a permit to hang the sign, and even the existence of an actual permit. For the elements of the statute of repose to be satisfied, ownership of the viaduct must be established.

¶14. The statute plainly states that there must be written acceptance, occupancy, or use of the improvement by the *owner*. On a motion for summary judgment, the movant bears the burden of persuading the trial court that there is no genuine issue of material fact. *Brown*, 444 So. 2d at 362. The nonmoving party must present "significant probative evidence" establishing issues of fact that are triable. *Brown*, 444 So. 2d at 364 (citing *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F. 2d 117, 119, 34 Fed. R. Serv. 2d 1490 (5th Cir. 1982)). Here, neither party has adequately shown who is the actual owner of the viaduct. At the summary-judgment hearing before the trial court, Custom indicated that actual ownership is not pertinent to the analysis, because the sign was in use and occupying the property from the moment it was installed by Custom. Nevertheless, the occupancy or use elements fail here because it must be shown that the occupancy or use is by the owner.

¶15. Further, if a permit actually exists, it will aid in support of written acceptance by whoever issued the permit, but no permit has been provided for the purposes of this appeal. Accordingly, ownership must be established properly before a determination can be made on whether the statute of repose applies to Custom, and the trial court erred by not finding the ownership of the property to be a genuine issue of material fact. *See Smith*, 485 So. 2d

7

at 1055 (trial court did not have evidence before it to establish that no genuine issue of material fact existed proving when plaintiff discovered his injury such that defendant should have been granted a judgment as a matter of law based on the application of the statute of limitations).

¶16.    Additionally, whether the statute of repose may be asserted by Custom as a defense cannot be decided without establishing that Custom was responsible for the design, planning, supervision of construction, or construction to real property.  As previously mentioned, Custom's employee's deposition stated that the sign originally made for the hospital was "reworked" to meet the requirements of the Clarksdale sign.  The testimony also set forth that only the panels of the original sign were used in the creation of the Clarksdale sign, and the backside of the sign was all newly made.  Based on the current contents of the record, reasonable minds could differ as to whether the sign was revamped or newly constructed.  As a result, this uncertainty should be clarified by a jury's determination. *Smith*, 485 So. 2d at 1053 (citing *Gulfport Fertilizer Co.*, 114 Miss. 250, 75 So. at 114).

¶17.    Therefore, the trial court erred in granting summary judgment when these genuine issues of material fact exist and must be resolved to determine whether Custom meets the required elements of ownership and of design, planning, supervision of construction, or construction to real property, making the statute of repose an applicable defense.

## CONCLUSION

¶18.    Finding genuine issues of material fact exist, we reverse the summary judgment and remand this case to the Circuit Court of Coahoma County for a factual determination in accordance with this opinion.

¶19.	**REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, CHANDLER AND KING, JJ., CONCUR. LAMAR, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND COLEMAN, J.**

**LAMAR, JUSTICE, DISSENTING:**

¶20.	To say that this case has not proceeded in a straight line to resolution is a huge understatement. In dismissing the federal action, the federal court observed that " . . . this case has progressed from a procedural conundrum to a procedural quagmire . . . ." Unfortunately, I see today's decision as only adding to the confusion, and I respectfully dissent.

¶21.	Crawford appeals the grant of summary judgment arguing two issues:

1) the applicability of the statute of repose to signs on a highway; and

2) waiver of the statute-of-repose defense by Custom Signs.

Without addressing either issue presented, the majority finds that summary judgment was improper because two questions of material fact exist:

1) ownership of the viaduct and

2) questions as to whether Custom Signs was responsible for the design, planning, supervision of construction, or construction to real property.[1]

---

[1]Crawford's complaint alleges that:

53. Custom Sign Co. is strictly liable for the improper design of the sign . . . .
55. The sign was at the time it left the control of Custom Sign Co. designed in a defective manner. . . .
56. . . . As a result of the design defect, the sign failed to function as expected . . . .

¶22.     Section 15-1-41 of the Mississippi Code, commonly known as a statute of repose, bars actions after a period of "six years after the written acceptance or actual occupancy *or use, whichever occurs first*, of such improvement by the owner thereof."  I agree with Custom Signs that actual ownership of the viaduct is irrelevant to this analysis because the date the sign was put into use is known.

¶23.     I would find that the circuit court properly granted summary judgment in this case. The six-year period of prescription set out in Section 15-1-41 began to run at the latest when the sign was put into use.  The record reflects that the sign was installed on the viaduct and put into use in June 1997 – a fact that apparently is not disputed.  Therefore, the deadline for any action to be brought "for injury . . . arising out of deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property . . ." was six years later, in June 2003.  The first complaint was filed in federal court in November 2003.  Without regard to who owns the viaduct or who issued the permit, the statute of repose has run.  I would affirm the trial court.

**DICKINSON, P.J., AND COLEMAN, J., JOIN THIS OPINION.**

10