929 So.2d 369 (2006)
Gloria H. BUSBY, Individually and on Behalf of All of the Wrongful Death Beneficiaries of Kenneth L. Busby, Appellant
v.
John T. MAZZEO, M.D., and John D. Fagan, M.D., Appellees.
No. 2004-CA-00896-COA.
Court of Appeals of Mississippi.
May 16, 2006.
*370 Edwin Woods, attorney for appellant.
Jan F. Gadow, Stuart Bragg Harmon, Jackson, attorneys for appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. On December 31, 2002, Gloria Busby filed a wrongful death action, individually and on behalf of the wrongful death beneficiaries of Kenneth Busby against Dr. Robert Giffin, Dr. John Mazzeo and Dr. John Fagan in the Circuit Court of Warren County. The complaint alleged the physicians were negligent in medically caring for the decedent, Kenneth L. Busby, which resulted in the decedent's death. Dr. Mazzeo and Dr. Fagan filed a motion for summary judgment on February 10, 2004. On April 2, 2004, the trial court granted the motion for summary judgment and an order of final judgment pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. Busby appeals and makes the issue:
WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Kenneth Busby was a sixty-seven year old man with a history of kidney failure, peripheral arterial disease and heart disease. On February 23, 2001, Busby was admitted to River Region Health System in Vicksburg for right hip and leg pain, as well as a bladder infection. Dr. Fagan diagnosed Kenneth with a staph infection and bladder spasms and treated him accordingly. On February 28, 2001, Kenneth's condition deteriorated and he was transferred to Parkview Medical Center where he was treated by Dr. Mazzeo. On March 3, 2001, Kenneth's fever spiked and his white blood cell count went from 6,000 to 30,000. Dr. Mazzeo noted that the source of these problems was unknown. On March 4, 2001, Mazzeo performed an *371 exploratory laparotomy on Kenneth. Kenneth remained in the hospital after surgery and he died on March 11, 2001.
¶ 4. On December 31, 2002, Gloria Busby filed a complaint alleging a wrongful death action in the Circuit Court of Warren County. The complaint alleges that Dr. Mazzeo and Dr. Fagan committed medical negligence and their negligence was the proximate cause of Kenneth's death. The complaint specifically states:
Plaintiffs aver that the Defendants were negligent in rendering medical care and treatment to the decedent on and after February 23, 2001 while the decedent was a patient at Parkview Regional Medical Center. Plaintiffs aver that Kenneth L. Busby died as a direct and proximate result of substandard medical care received of and from the Defendants. Plaintiffs plead respondeat superior.
The vague allegations recited in the complaint fail to identify the specific acts of the defendants of which Busby is complaining. Neither does the complaint provide any insight into the proper standard of care and how the defendants deviated from that standard.
¶ 5. Drs. Mazzeo and Fagan propounded discovery upon Busby but Busby failed to respond to the discovery requests. On February 10, 2004, Dr. Mazzeo and Dr. Fagan filed a motion for summary judgment citing the absence of any expert proof by Busby to support her malpractice claim. Busby responded to the motion for summary judgment by stating: "[t]he Plaintiff alleges that the Decedent received substandard care from the Defendants in this cause in the particulars identified by Dr. Malik's report as well as the particulars that may be identified during further investigation and prosecution of this case." The particulars identified by Busby in the response to the motion for summary judgment included: two Operative Reports from Dr. Mazzeo, a Nephrology Consultation from Dr. Fagan, a History and Physical Report from Dr. Giffin, Consultation from Dr. Mazzeo, 48 Hour Plan of Care from Region Health System and the Certificate of Death. None of these reports or forms stated the standard of care nor did they state that Dr. Mazzeo and Dr. Fagan violated the standard of care in the treatment of the decedent.
¶ 6. On March 26, 2004, the trial court held a hearing on the motion for summary judgment. Minutes prior to the hearing, Busby filed a letter from Dr. Atif Malik containing general criticism of the care provided to Busby. The letter stated, "[i]t is my opinion that the care Mr. Busby received by medical professionals at River Region Health Systems falls below the standard of care required for the treatment of patients with the same or similar medical conditions as Mr. Busby and that substandard care contributed to Mr. Busby's death." This letter did not constitute sworn proof from an expert nor did the letter state the appropriate standard of care. The letter did not state the names of any individuals, but simply referred to them as "medical providers." The letter mentioned River Region Health Systems but did not to refer to Parkview Medical Center.
¶ 7. At the hearing, Dr. Mazzeo and Dr. Fagan argued that Busby failed to produce any sworn expert testimony and that Busby failed to respond to any discovery. Busby admitted that she had failed to respond to the discovery propounded by the defendants. On April 2, 2004, the trial court granted summary judgment in favor of Dr. Mazzeo and Dr. Fagan. The court held that there was no sworn testimony in opposition to the motion for summary judgment. The court held that Dr. Malik's letter was filed late, but even if the letter *372 was accepted by the court, it was insufficient to prevent summary judgment because the letter did not set forth the standard of care, neither did it allege that the physicians negligently violated the applicable standard of care causing the decedent's death.

STANDARD OF REVIEW
¶ 8. Rule 56(c) of the Mississippi Rules of Civil Procedure states that a summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevent summary judgment, Busby must establish a genuine issue of material fact by means allowable under the Rule. Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991). When reviewing a lower court's decision to grant summary judgment, this Court employs a de novo standard of review. Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988). This Court will view evidentiary matters in the light most favorable to the nonmoving party. Palmer v. Biloxi Regional Medical Center, Inc., 564 So.2d 1346, 1354 (Miss.1990). The lower court's decision will be reversed if there are any triable issues of fact. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983).

WHETHER THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT
¶ 9. The trial court granted the motion for summary judgment because there was no sworn expert testimony to support the claim that the defendants rendered substandard medical care which caused the death of the decedent. Busby claims that the letter from Dr. Malik and the medical records of Busby are sufficient to establish a prima facie case. Busby asserts that it is not required that she produce sworn expert testimony to survive a motion for summary judgment.
¶ 10. The law is clear that Busby must support her claims "by facts sworn to on personal knowledge in depositions, answers to interrogatories or affidavits, or through such other appropriate forms as stipulations of fact or admissions procured under Rule 36 [of the Mississippi Rules of Civil Procedure]." Walker v. Skiwski, 529 So.2d 184, 186 (Miss.1988). In order to establish a prima facie case in a medical malpractice action, Busby must establish that the defendants were negligent through medical testimony that shows they failed to use ordinary skill and care. Travis v. Stewart, 680 So.2d 214, 218 (Miss.1996). Busby has the burden of establishing the details of the standard of care to which a physician is held. Boyd v. Lynch, 493 So.2d 1315, 1318 (Miss.1986).
¶ 11. Busby contends that the medical records are sufficient to create a triable issue of fact. However, the medical records, nor any other competent evidence before the court, establishes the proper standard of care and shows any acts by Dr. Mazzeo and Dr. Fagan which violated the proper standard of care. To the contrary, the medical records indicate that Dr. Mazzeo and Dr. Fagan were treating Busby with due care.
¶ 12. Busby contends that the letter from Dr. Malik was sufficient to establish a prima facie case. However, the letter from Dr. Malik was not sworn testimony nor was it timely filed with the trial court as required by Rule 56(c).
¶ 13. In a medical malpractice action, in order to establish a prima facie case, the plaintiff is required to submit expert testimony to establish failure by the defendants to use ordinary skill and care which *373 causes damage to the plaintiff. Travis, 680 So.2d at 218. Busby failed to meet her burden, leaving no triable issues of fact. This Court must affirm the decision of the trial court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.