LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Pritchett Construction Company (Pritchett) filed a complaint in the Lauder-dale County County Court against Tracy and Jennifer Lott (the Lotts), alleging the Lotts were in default on an open account with Pritchett. Pritchett sought the balance of the account, or $11,912.96. The Lotts filed a joint motion to dismiss and for summary judgment. The county court dismissed Pritchett’s complaint with prejudice. Pritchett filed a motion to reconsider, which the county court granted. The county court set aside its judgment of dismissal with prejudice and allowed Pritchett to file an amended complaint. Pritchett subsequently filed an amended complaint, alleging breach of an oral contract. After a hearing on the matter, the county court entered judgment in Pritch-ett’s favor and ordered the Lotts to pay damages of $11,912.96 plus 8% interest.
¶ 2. The Lotts appealed to the Lauder-dale County Circuit Court, which affirmed the county court judge’s decision. The Lotts now appeal to this Court, alleging the following issues: (1) Mississippi Code Annotated section 85-7-181 (Rev.2011)[1] constituted the exclusive remedy for Pritchett’s claim; and (2) the county court erred in reversing its 2009 dismissal of Pritchett’s original complaint. Finding no error, we affirm.
FACTS
¶ 3. The Lotts entered into a contract with Marc Dunlap of Premier Builders to construct their new home in Lauderdale County. Dunlap hired Pritchett as a subcontractor to supply concrete as needed. Construction began in 2004 and was completed in August 2005.
¶4. Due to cost overruns during construction, the Lotts opted to save money by not extending the concrete driveway to the roadway. The construction contract *440 provided for $81,000 to pour a completed driveway. ' This figure later increased to $35,000. At one point Dunlap sprayed a red line on the ground to show how far the Lotts could afford to extend the driveway from the house. There was some discussion between Dunlap and the Lotts about whether to put gravel down until the Lotts could afford to finish paving the driveway.
¶ 5. According to Pritchett, he had a conversation with Tracy when Dunlap was out of town about completing the driveway. When Dunlap returned to town and the job site, he noticed the driveway had been completely framed and poured. Pritchett told Dunlap he had entered into a side agreement with the Lotts to finish their driveway, and the Lotts would pay Pritch-ett for the work when they were able. Dunlap testified Pritchett had made side agreements such as this one in similar situations where money was tight for the homeowner. Tracy denied entering into a side contract with Pritchett, but did admit to authorizing Pritchett to finish paving the driveway to the road.
STANDARD OF REVIEW
¶ 6. The Mississippi Supreme Court has stated the standard of review that we must follow when handling an appeal of a county court judgment:
The county court was the fact finder, and the circuit court, as well as this Court [or the Court of Appeals], are [sic] bound by the judgment of the county court if supported by substantial evidence and not manifestly wrong. Insofar as its findings of fact and conclusions of law are concerned, the judgment of a circuit or county court in a non-jury trial is entitled to the same deference on appeal as a chancery court decree. That is, it will be assumed the trial judge made all necessary findings of fact in favor of appellee, whether stated or not. Moreover, if the judgment of such court can be sustained for any reason, it must be affirmed, ... even [if] the trial judge based it upon the wrong legal reason.
Patel v. Telerent Leasing Corp., 574 So.2d 8, 6 (Miss.1990) (citations omitted).
DISCUSSION
I. SECTION 85-7-181
¶ 7. The Lotts contend the exclusive remedy for Pritchett to recover the funds for extending the driveway was to file a stop notice in accordance with section 85-7-181. Section 85-7-181 permits subcontractors who have not been paid by the contractor to file a notice requiring the owner to retain any funds it still holds that otherwise would be paid to the contractor. As previously stated, this statute was held unconstitutional by Noatex Corp. v. King Construction of Houston, LLC, 732 F.3d 479, at 484-86 (5th Cir.2013). Regardless, the county court found that the Lotts and Pritchett entered into a separate contract to complete the driveway; thus, the provisions of section 85-7-181 were inapplicable.
¶ 8. The county court relied upon the testimony and actions of the parties involved in determining an oral contract had been formed between the Lotts and Pritchett. The existence of an oral contract is a fact issue. Putt v. City of Corinth, 579 So.2d 534, 538 (Miss.1991). “The formation of a contract, either oral or written, requires (1) an offer, (2) acceptance of the offer, and (3) consideration.” Scott v. Magnolia Lady, Inc., 843 So.2d 94, 96 (¶ 9) (Miss.Ct.App.2003). In this instance, Tracy knew there was not enough money to complete the driveway, but instructed Pritchett to complete the driveway anyway. Pritchett testified he had an oral contract with the Lotts to complete the driveway. Dunlap further testified Pritchett had made similar agreements *441 with other homeowners. The county court determined that previous conversations between the Lotts and Dunlap indicated the Lotts knew there was not enough money in the construction contract to extend the driveway all the way to the road. The circuit court could find no error by the county court in finding an oral contract existed between the Lotts and Pritchett, and we find the same. This issue is without merit.
¶ 9. We note that the Lotts also argue that Pritchett was required to possess a residential builder’s license to file a lawsuit. This argument was raised in the Lotts’ motion to dismiss, which the county court initially granted. After the county court reconsidered its ruling and allowed Pritchett to amend the complaint, this argument was never readdressed by either party. Regardless, the applicable statute, Mississippi Code Annotated section 73-59-1(b) (Rev.2012), defines a residential builder as one “who constructs a building or structure for sale for use by another as a residence ... when the cost of the undertaking exceeds Fifty Thousand Dollars ($50,000.00).” There was no proof this statute applied to Pritchett.
II. COUNTY COURT ERROR
¶ 10. The Lotts contend the county court erred in reversing its dismissal of Pritchett’s original complaint. The Lotts specifically argue the statute of limitations had expired; thus, the county court should not have allowed Pritchett to amend the complaint. However, the statute of limitations for both open-account actions and oral-contract actions is three years. Miss. Code Ann. § 15-1-29 (Rev.2012). Pritch-ett filed his initial complaint on October 23, 2007, well within the three-year statute of limitations. The county court allowed Pritchett to amend his complaint pursuant to Mississippi Rule of Civil Procedure 15. According to Rule 15(c), “[wjhenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.” The decision to grant or deny a motion to amend the complaint is within the lower court’s discretion. Webb v. Braswell, 930 So.2d 387, 392 (¶ 8) (Miss.2006). We can find no abuse of discretion by the lower court in allowing Pritchett to amend the complaint.
¶ 11. The Lotts also contend Pritchett failed to respond to discovery requests. The Lotts had filed a motion to compel, claiming Pritchett had refused to schedule a deposition date and produce certain requested documents. The trial court denied this motion, finding discovery had “long since expired and [the Lotts] should not be allowed at this late date to attempt [a] deposition of [Pritchett], when a year has passed since [the Lotts’] first request ... and nothing was ever presented to the [c]ourt to compel said cooperation and to set said deposition.” Our standard of review regarding a lower court’s decision to grant or deny a motion to compel discovery is abuse of discretion. Morton v. City of Shelby, 984 So.2d 323, 329 (¶ 11) (Miss.Ct.App.2007). In this instance, we can find no abuse of discretion by the county court.
¶ 12. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. GRIFFIS, P.J., NOT PARTICIPATING.

. This statute was recently held unconstitutional by Noatex Corp. v. King Construction of Houston, LLC, 732 F.3d 479, 484-86 (5th Cir. 2013).